GEORGE WALLIS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 12, 1935.*

A. H. HANNEKEN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed on January 24, 1933, alleging that on the 10th day of November, 1932, and for a long time prior thereto, the State of Illinois had under its management, control and supervision, a cement paved highway, running between the City of Dixon, Lee County, Illinois, and the City of Sterling, Whiteside County, Illinois, being State Highway Number 6, commonly known as The Lincoln Highway; that on that date and for a long time prior thereto, the plaintiff was employed by the State in the doing of maintenance and repair work upon this highway, at a weekly wage of Twenty-seven Dollars ($27.00) per week; that on the 10th day of November, 1932, the claimant was drilling holes in a dip in the cement pavement of said highway with a drill driven by compressed air, which holes were to be filled with a mixture of earth and cement pumped into the same by means of a machine known as a mud jack; that attached to the shank of the drill was a device known as a cutting cap which actually cut the holes into the cement pavement; that on the day aforesaid, a new cutting cap was being replaced on said machine; that said cutting cap was furnished by the State and was put on said machine under the direction of the proper authorities; that while replacing the cap, a part of the machine was placed in a vise and was being struck with a hammer in order to loosen it, and while the claimant was striking the same with a hammer, a particle of steel became dislodged from said cutting cap, and struck the plaintiff's eye, penetrating the lower lid and lodging in the back end

of the eye ball, and penetrating the edge of the lens of said left eye, and by reason thereof, the claimant has lost the complete sight of his left eye.

It is agreed that his average weekly wage was Twenty-seven Dollars ($27.00) per week.

Under the direction of the district engineer in charge of the State Highway offices in the city of Dixon, Illinois, plaintiff called upon Dr. Harry S. Gradle, in Chicago, and the plaintiff was confined to the Michael Reese Hospital from the 15th day of November, 1932 to the 23rd day of November, 1932. Dr. Gradle removed the particle of steel from the eye. Plaintiff then returned to his home in Dixon, Illinois on the 23rd day of November, 1932 and was under the care of Dr. W. A. McNichols.

Plaintiff avers in his declaration that he has been advised that the State has paid or has agreed to pay all the necessary medical, surgical and hospital expenses incurred by him as the result of the injury, and that the State further paid the plaintiff fifty per cent. of the weekly earnings to which he would have been entitled, from the 10th day of November, 1932 to the 3rd day of January, 1933, and damages in the sum of Five Thousand Dollars ($5,000.00) was asked.

We must treat this as a claim filed under the Compensation Act.

Evidence was taken which substantiated the allegations of fact in the complaint, and there was a total loss of vision of the left eye.

Under the Compensation Act, for the loss of the sight of an eye, fifty per cent. of the average weekly wage during one hundred and twenty weeks is provided as compensation.

From the evidence, it appears that the injury arose out of and in the course of the employment. It does not appear whether or not the claimant had any children under sixteen years of age at the time of the injury.

We, therefore, hold that he was entitled to one-half of his weekly wage, which was Twenty-seven Dollars ($27.00) for one hundred twenty weeks, making a total of One Thousand Six Hundred Twenty Dollars ($1,620.00), and we recommend an appropriation be made for that amount.